UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　Case No. 09-20215

　　　　　　　Plaintiff,　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　　　　　　　　　　　United States District Judge

v.

D-2 JOSE CASTRO-RAMIREZ,

　　　　　　　Defendant.
_____/

OPINION & ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR PRE-INDICTMENT DELAY [Doc. No. 174]

On June 24, 2009, the grand jury returned an indictment charging Defendant Dr. Jose

Castro-Ramirez with one count of conspiracy to commit health care fraud, eleven counts of

health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4].

The case is before the Court on Dr. Castro-Ramirez's "Motion to Dismiss the Indictment Due to

Pre-Indictment Delay" [Doc. No. 174].  Both parties have fully briefed the issues, and a hearing

was held on December 9, 2009.  For the reasons that follow, the Court **DENIES** the Defendant's

motion [Doc. No. 174].

BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez

with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349,

eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy

to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment,

Doc. No. 4].  The indictment states that Dr. Castro-Ramirez was a physician licensed in the state

1

of Michigan, and who ordered physical and occupational therapy for patients purportedly treated

at rehabilitation clinics owned by several co-defendants. [Doc. No. 4, ¶17].

The June 24, 2009 indictment alleges that, from approximately January of 2003 until

approximately March of 2007, the defendants conspired as follows:

> It was the purpose of the conspiracy for [the] defendants. . . and others to
> unlawfully enrich themselves by, among other things, (a) submitting false and
> fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to
> Medicare beneficiaries for the purpose of such beneficiaries arranging for the use
> of their Medicare beneficiary numbers by the conspirators as the bases of claims
> filed for physical therapy, occupational therapy and other services; (c) soliciting
> and receiving kickbacks and in return for arranging for the furnishing of services
> for which payment may be made by Medicare by providing their Medicare
> beneficiary numbers, which formed the basis of claims filed for physical therapy,
> occupational therapy, and other services; (d) concealing the submission of false
> and fraudulent claims to Medicare, the receipt and transfer of the proceeds from
> the fraud, and the payment of kickbacks; and (e) diverting proceeds of the fraud
> for the personal use and benefit of the defendants and their co-conspirators.

[Doc. No. 4, ¶26]. Specifically, Dr. Castro-Ramirez is alleged to have signed medical

documentation ordering physical and/or occupational therapy services which were medically

unnecessary and not provided to patients, submitted reimbursement claims to the Medicare

program for those referrals, and fabricated medical and billing documents in support of those

referrals. *Id*. at ¶¶37-39. The aggregate amount allegedly procured over the course of the four-

year conspiracy is approximately $15.2 million. *Id*. at ¶¶43-45.

On October 29, 2009, Dr. Castro-Ramirez filed his "Motion to Dismiss the Indictment

Due to Pre-Indictment Delay" [Doc. No. 174]. In his motion, the Defendant argues as follows:

> Dr. Castro submits that the pre-indictment delay in this matter has caused him
> actual substantial prejudice and that the delay was the product of a deliberate act
> by the government designed to gain a tactical advantage. The government knew
> that it was investigating a matter involving aged and infirm potential witnesses
> with failing memories, yet chose to delay indicting Dr. Castro knowing that his
> inability to confront these witnesses would be prejudicial to his defense.

[Def.'s Br., Doc. No. 174, p.14].

## ANALYSIS

In *United States v. Lovasco*, 431 U.S. 783 (1977), the Supreme Court recognized that, while statutes of limitations provide the primary guarantee against the prosecution of overly stale criminal charges, the Due Process Clause of the Fifth Amendment also plays a "limited role" in protecting against excessive pre-indictment delay.  *Lovasco*, 342 U.S. at 789.  In *Lovasco*, however, the Court emphasized that "fundamental conceptions of justice," *Id*. at 791, embodied in the concept of due process "are not impinged simply upon a showing that the government failed to secure an indictment immediately upon a determination of probable guilt."  *United States v. Brown*, 959 F.2d 63, 65 (6th Cir. 1992), citing *Lovasco* at 791.

Relying primarily upon the Supreme Court's holding in *Lovasco*, the Sixth Circuit noted that "particularly where the delay is investigative rather than intended to gain a tactical advantage over the accused, preindictment delay does not offend the Fifth Amendment.  *Brown*, 959 F.2d at 66, citing *Lovasco* at 795.

A defendant seeking dismissal due to pre-indictment delay must show *both* of the following: 1) *substantial prejudice* to the defendant's right to a fair trial; and 2) that the delay was an *intentional device by the government to gain a tactical advantage*.  *Id*.  Dr. Castro-Ramirez fails to meet either of these prongs in the instant motion, and as such, the Court **DENIES** his motion to dismiss [Doc. No. 174].

I. <u>Dr. Castro Has Not Suffered "Substantial Prejudice."</u>

Proof of actual, substantial prejudice is a necessary element of a due process claim for pre-indictment delay.  *Lovasco* at 431; *Brown* at 66.   Dr. Castro-Ramirez argues that the passage

3

of time has substantially prejudiced his case as follows:

> In this case, there may be no dispute that the government was aware that the "evidence" it was collecting through the years and would rely upon at trial principally involved aged and ill witnesses. Particularly for this group, the passage of time was likely to result in lost and faded memories of the witnesses still living.

[Def.'s Br., Doc. No. 174, p.5]. Dr. Castro-Ramirez further argues that two witnesses whose testimony he deems important to his defense have either died or fled the jurisdiction:

> In this case, the death of the former co-defendant, Raymond Farrier is a prime example of lost testimony due to delay. It further appears that co-defendant Shafiula Hanif has fled the jurisdiction. The Defendant is prejudiced by his inability to confront this witness. The actual and substantial prejudice to Dr. Castro is directly attributable to delay.

*Id*. at pp.5-6.

As the Government argues, however, "Defendant has not articulated (nor could he) how these events prejudice his ability to prepare a defense." [Government's Br., Doc. No. 181, p.4]. Indeed, the Sixth Circuit has held that "loss of memory is an insufficient reason to establish prejudice." 343 F.3d 849, 860 (6th Cir. 2003). Moreover, "[d]elay injures the prosecution, after all, as memories fade. The prosecutor bears a heavy burden of persuasion, and the degradation of evidence generally cuts against the party with the burden." *United States v. Fountain*, 840 F.2d 509, 512-13 (7th Cir. 1988). As such, any evidence in this case due to faded memories, or dead or unavailable witnesses, is just as likely - if not more likely - to prejudice the government's case as it is to Dr. Castro-Ramirez.

With respect to co-defendant Raymond Farrier, who is now deceased, the Sixth Circuit has held that "a defendant does not show actual prejudice based on the death of a potential witness if he has not given indication of what the witness's testimony would have been and

4

whether the substance of the testimony was otherwise available." *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997). Dr. Castro-Ramirez has failed to allege how Mr. Farrier's testimony would aid his defense. Indeed, as the Government argues, Dr. Castro-Ramirez's defense may be aided more significantly by Mr. Farrier's *absence*:

> Based upon the statements of similarly situated defendants, however, it seems likely that Farrior would have testified that he signed documents, in exchange for cash kickbacks, to support the creation of fraudulent physical and occupational therapy files. It also seems likely that Farrior would have further testified that he received no services from Castro, and never even met him, despite the fact that Castro signed therapy prescriptions and documentation reflecting alleged oversight of Farrior's therapy treatment plan.

[Government's Br., Doc. No. 181, p.5]. As such, the Court finds that Dr. Castro-Ramirez has failed to demonstrate prejudice with respect to the death of Raymond Farrier.

Further, Dr. Castro-Ramirez has failed to demonstrate prejudice with respect to co-defendant Shafiulla Hanif's alleged flight from the jurisdiction. As argued by the Government, "[a]s Castro knows from the discovery provided to him, Hanif gave law enforcement agents a detailed summary of [the] fraudulent scheme that underlay the charges against Castro." [Government's Br., Doc. No. 181, p.5].

As recently as last month, the Sixth Circuit stated that actual prejudice must be proven and can never be presumed or satisfied by speculation in the context of a pre-indictment dismissal motion. *See United States v. Schaffer*, --- F.3d. ---, 2009 WL 3763157, *9 (6th Cir. Nov. 12, 2009). Despite this requirement, however, Dr. Castro-Ramirez relies solely upon speculation in the instant motion, and instead asks the court to presume prejudice without establishing a factual predicate. As such, Dr. Castro-Ramirez has failed to demonstrate "actual prejudice" as required by the Sixth Circuit in *United States v. Brown*.

5

II.  Dr. Castro Has Not Shown Intentional Delay By the Government.

Even assuming, *arguendo*, that Dr. Castro-Ramirez could demonstrate actual prejudice to his defense due to pre-indictment delay, Dr. Castro-Ramirez cannot demonstrate that the delay was an intentional device by the government to gain a tactical advantage.  As such, the Court **DENIES** Dr. Castro-Ramirez's motion to dismiss [Doc. No. 174].

Much of Dr. Castro-Ramirez's briefing on this issue is spent discussing two cases from district courts in other circuits: 1) *United States v. Gross*, 165 F. Supp. 2d 372 (E.D.N.Y. 2001); and *United States v. Sabath*, 990 F. Supp. 1007 (N.D. Ill. 1998).  Each of these district courts granted a defendant's motion to dismiss due to pre-indictment delay *without requiring a showing of actual intent on the part of the government* - rather, a showing akin to negligence was sufficient in those holdings.

As noted by the *Sabath* court, however, there is a circuit split on the issue of whether intent by the government is required to be explicitly proven, and *the Sixth Circuit requires such a showing of intent*.  *See Sabath*, 990 F.Supp. at 1017 (noting that the Sixth Circuit, and six other circuits, adopt the bright-line rule that pre-indictment delay can never violate due process without a showing of bad faith).  Dr. Castro-Ramirez's reliance on *Gross* and *Sabath* to the contrary is, therefore, without merit.

The Government argues that the delay in the instant case - approximately twenty-eight months spanning from the end of the alleged conspiracy in March 2007 to the indictment in late June 2009 - was due to the size and scope of the investigation:

> The Indictment was the product of several years of investigative activity, a function of the complex and interrelated nature of the various fraudulent schemes in which Castro played a role.  Multiple search warrants issued, pursuant to which thousands of records were seized in both electronic and paper form.

6

[Government's Br., Doc. No. 181, p.7]. As the Supreme Court explained in *Lovasco*, "investigative delay is fundamentally unlike delay undertaken by the Government solely to gain tactical advantage over the accused." *Lovasco*, 431 U.S. at 795. The *Lovasco* Court elaborated as follows:

> Rather than deviating from elementary standards of fair play and decency, a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of orderly expedition to that of mere speed. . . . This the Due Process Clause does not require. *We therefore hold that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time*.

*Id*. at 795-96 (internal quotations and citations omitted) (emphasis added).

In the instant case, Dr. Castro-Ramirez has brought forth no evidence tending to show that the twenty-eight month delay between the end of the alleged conspiracy and the securing of an indictment was due to anything other than investigative delay. Further, the Court notes that the length of the delay in this case is in line with other periods of delay held not to be unreasonable by the Sixth Circuit.[1] For these reasons, the Court holds that, even assuming *arguendo* that Dr. Castro-Ramirez can demonstrate "substantial prejudice" to his case due to the government's preindictment delay, Dr. Castro-Ramirez has not shown that the Government's delay in this case was intended as a tactical advantage. Therefore, the Court **DENIES** Dr. Castro-Ramirez's Motion to Dismiss [Doc. No. 174].

---

[1] *See, e.g., United States v. DeClue*, 899 F.2d 1465, 1469 (6th Cir. 1990) (upholding delay of at least thirty-three months); *United States v. Atisha*, 804 F.2d 920, 927-28 (6th Cir. 1986) (upholding delay of at least twenty-nine months); *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982) (upholding delay of approximately five years).

CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendant's Motion to Dismiss for Pre-Indictment Delay [Doc. No. 174].

**IT IS SO ORDERED**.

Dated:  December 15, 2009                    S/ Sean F. Cox
                                             Sean F. Cox
                                             United States District Court Judge

_____

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on December 15, 2009.

                                             s/Jennifer Hernandez
                                             Case Manager to
                                             District Judge Sean F. Cox

8