UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 09-20215

       Plaintiff,   HONORABLE SEAN F. COX
                                           United States District Judge
v.

D-2 JOSE CASTRO-RAMIREZ,

       Defendant.
_____/

OPINION & ORDER DENYING DEFENDANT'S
MOTION FOR BILL OF PARTICULARS [Doc. No. 173]

On June 24, 2009, the grand jury returned an indictment charging Defendant Dr. Jose Castro-Ramirez with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. The case is before the Court on Dr. Castro-Ramirez's "Motion for Bill of Particulars" [Doc. No. 173]. Both parties have fully briefed the issues, and a hearing was held on December 9, 2009. For the reasons that follow, the Court **DENIES** the Defendant's motion [Doc. No. 173].

BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment, Doc. No. 4]. The indictment states that Dr. Castro-Ramirez was a physician licensed in the state of Michigan, and that Dr. Castro-Ramirez ordered physical and occupational therapy for patients

1

purportedly treated at rehabilitation clinics owned by several co-defendants. [Doc. No. 4, ¶17].

The June 24, 2009 indictment alleges that, from approximately January of 2003 until approximately March of 2007, the defendants conspired as follows:

> It was the purpose of the conspiracy for [the] defendants. . . and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for physical therapy, occupational therapy and other services; (c) soliciting and receiving kickbacks and in return for arranging for the furnishing of services for which payment may be made by Medicare by providing their Medicare beneficiary numbers, which formed the basis of claims filed for physical therapy, occupational therapy, and other services; (d) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (e) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

[Doc. No. 4, ¶26]. Specifically, Dr. Castro-Ramirez is alleged to have signed medical documentation ordering physical and/or occupational therapy services which were medically unnecessary and not provided to patients, submitted reimbursement claims to the Medicare program for those referrals, and fabricated medical and billing documents in support of those referrals. *Id*. at ¶¶37-39. The aggregate amount allegedly procured over the course of the four-year conspiracy is approximately $15.2 million. *Id*. at ¶¶43-45.

Dr. Castro-Ramirez filed his "Motion for Bill of Particulars" [Doc. No. 173] on October 29, 2009. In his motion, Dr. Castro-Ramirez argues as follows:

> Dr. Castro submits that the [June 24, 2009] Indictment is vague and indefinite and fails to inform him of the particulars of the offense sufficiently for him to prepare his defense, or to plead a judgement herein as a bar to a subsequent prosecution. Accordingly, to minimize surprise and assist the Defendant in obtaining the information needed to prepare his defense the Defendant seeks a Bill of Particulars.

[Def.'s Br., Doc. No. 173, p.4].

ANALYSIS

Federal Rule of Criminal Procedure 7(f) outlines the requirements surrounding a bill of particulars as follows:

> The court may direct the government to file a bill of particulars. *The defendant may move for a bill of particulars before or within 10 days after arraignment* or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f) (emphasis added). At the outset, the Court notes that the Defendant was arraigned in this matter on June 24, 2009. In this case, the Defendant's request - made only on October 29, 2009 - is well beyond Rule 7(f)'s ten day requirement. Further, even if the Defendant had brought the instant motion in a timely manner under Rule 7(f), the granting of a bill of particulars is in the trial court's sound discretion. *See United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

The Sixth Circuit has held that there are three primary purposes served by a bill of particulars: 1) to apprise the defendant of the crime charged with sufficient particularity to enable him to prepare a proper defense; 2) to avoid prejudicial surprise at trial; and 3) to enable the defendant to plead his acquittal or conviction as a bar to later prosecution for the same offense. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Vassar*, 2009 WL 2959290, *3 (6th Cir. Sept. 16, 2009).

A bill of particulars, however, "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (internal quotation marks and citation omitted). In particular, the government need not furnish the names of all alleged co-conspirators in an indictment. *Id*. Nor may a bill of particulars be employed to compel the Government to provide the essential facts regarding the existence and formation of a conspiracy, including the overt acts which it intends

3

to prove.  *See Salisbury*, 983 F.2d at 1375.

In the instant case, the indictment against the Defendant adequately sets forth the elements of the offenses the Defendant is charged with, the time and place of the Defendant's allegedly illegal conduct, and a citation to the relevant statutes.  Nothing more is required.  *See, e.g., United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (bill of particulars properly denied where indictment set forth object of conspiracy, relevant time period, location of conspiracy, and cited proper statute and mens rea).

Furthermore, the Government has made extensive Rule 16 disclosures to the Defendant in this matter.  As the Government argues, Defendant has been provided with all relevant reports of interviews, and the Government has made extensive documents available for the Defendant's review. [*See* Government's Br., Doc. No. 178, p.4].  Full discovery obviates the need for a bill of particulars.  *See, e.g., United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003), cert denied, 541 U.S. 904.  Therefore, the Court holds that requiring the Government to provide Dr. Castro-Ramirez with a bill of particulars in the instant case is unwarranted.

## CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendant's Motion for Bill of

Particulars [Doc. No. 173].

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: December 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2009, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager