UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 JOSE CASTRO-RAMIREZ,

        Defendant.
_____/

Case No. 09-20215

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING
THE GOVERNMENT'S MOTION IN LIMINE [Doc. No. 224]

Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury trial in this matter is scheduled to begin on February 16, 2010. The case is before the Court on the Government's Motion in Limine [Doc. No. 224], wherein the Government seeks to prevent Dr. Castro-Ramirez: 1) from arguing, offering evidence or eliciting testimony related to Dr. Castro-Ramirez' prior acquittal in an unrelated criminal case; and 2) from arguing, offering evidence or eliciting testimony regarding Dr. Castro-Ramirez being the target of selective or vindictive prosecution. While the Defendant did not file a response brief, Defense counsel argued in opposition to the motion at oral argument on February 12, 2010. For the reasons that follow, the Court **GRANTS** the Government's motion [Doc. No. 224].

BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez

1

with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment, Doc. No. 4]. Dr. Castro-Ramirez allegedly signed medical documentation ordering physical and/or occupational therapy services which were medically unnecessary and not provided to patients, submitted reimbursement claims to the Medicare program for those referrals, and fabricated medical and billing documents in support of those referrals. *Id*. at ¶¶37-39.

The Court's "Order Regarding Trial" [Doc. No. 207] set trial in this matter to begin on February 16, 2010, and required the parties to file motions *in limine*, if any, no later than February 10, 2010. On February 10, 2010, the Government filed the instant motion, in which it argues as follows:

> . . .[C]ertain of the evidence Defendant may seek to present [is] wholly unrelated to the charges in this matter. . . . Moreover, arguments that Defendant has made concerning the propriety of the government's decision to charge him and in the manner in which it conducted its investigation that are purely legal questions that are properly presented to, and resolved by, the Court.

[Government's Br., Doc. No. 224, p.2].

## ANALYSIS

I. <u>Defendant's Prior Acquittal on Unrelated Charges</u>.

Following a five-week bench trial in *United States v. Seabron et al.*, E.D. Mich. Case No. 02-90032, in an Opinion & Order dated June 1, 2004, Judge Marianne O. Battani acquitted Dr. Castro-Ramirez of health care fraud charges unrelated to the present case. [*See* Doc. No. 197, Case No. 02-90023]. In that matter, the Government alleged that a company called Mobile Doctors - with which Dr. Castro-Ramirez was then employed - engaged in fraudulent activities

2

from 1993 to 1998.

The Government argues that Dr. Castro-Ramirez should be precluded from "referr[ing] to, interrogat[ing] any witness concerning, comment[ing] on, or attempt[ing] to suggest to the jury in any way that Defendant was acquitted of health care fraud in the prior matter." [Government's Motion, Doc. No. 224, p.1]. The Court agrees.

"Generally, a criminal acquittal is not admissible" as evidence in a subsequent legal proceeding. *See McKinney v. Galvin*, 701 F.2d 584, 586 (6th Cir. 1983). In *Commonwealth of Kentucky v. Louis Trauth Dairy, Inc.*, 1998 WL 199717 (6th Cir. Apr. 16, 1998), the Sixth Circuit held as follows:

> Judgments of acquittal are hearsay, and unlike judgments of conviction, which may be admitted under the Federal Rules of Evidence for certain purposes, they are not covered by an exception to the rule against admission of hearsay. FED R. EVID. 801, 802. In addition, a prior acquittal is not relevant because it does not prove the defendant's innocence, but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.

*Id.* at *3, citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984) ("... an acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt.").

Here, pursuant to *Trauth Dairy*, Dr. Castro-Ramirez' acquittal in the unrelated *Seabron* case is inadmissible hearsay. Therefore, Dr. Castro-Ramirez may not raise these issues at trial.

II. <u>Defendant's Claims of Selective or Vindictive Prosecution</u>.

The Government argues that "Defendant has indicated that he may claim, as part of his 'vendetta' theory, that the government has unfairly and/or vindictively selected Castro for prosecution. This court should not subject the jury to Defendant's unsubstantial and irrelevant

3

assertions." [Government's Br., Doc. No. 224, p.6]. As issues of vindictive or selective prosecution are properly issues of law for the Court, not the jury, to decide, the Court agrees.

To present evidence on the issue of selective prosecution, a defendant:

> bears the heavy burden of establishing, at least <u>prima facie</u>, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, <u>and</u> (2) that the government's discriminatory selection of him has been invidious ro in bad faith, <u>i.e.</u>, based upon impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights.

*United States v. Sammons*, 918 F.2d 592, 600 (6th Cir. 1990). Similarly, in order to show vindictive prosecution:

> there must be (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; [and] (4) the intent to punish the defendant for exercise of the protected right.

*United States v. Pegross*, 2007 WL 1771542, *7 (E.D. Mich. June 15, 2007), citing *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). At no time in this matter has Dr. Castro-Ramirez made a *prima facie* showing of either selective prosecution or of vindictive prosecution.

Irrespective of whether Dr. Castro-Ramirez *could meet* the requirements to allege either selective or vindictive prosecution, these arguments properly would belong before the Court as issues of law, not questions of fact for presentation to the jury. The Sixth Circuit has held that "the 'defense' of selective prosecution is a matter for the court, not the jury." *United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2007). Similarly, "a claim of vindictive prosecution is not [a] permissible argument to a jury. It is properly raised in a pretrial motion to dismiss the prosecution." *United States v. Dufresne*, 58 Fed. Appx. 890, 895 (3d Cir. Jan. 17, 2003). Therefore, Dr. Castro-Ramirez may not raise these issues before the jury.

4

CONCLUSION

For the reasons explained above, the Court **GRANTS** the Government's Motion in Limine [Doc. No. 224], and **PRECLUDES** the following conduct at trial:

1. Referring to, interrogating any witness concerning, commenting upon, or attempting to suggest to the jury in any way that Defendant was acquitted of health care fraud in the matter captioned as *United States v. Seabron*, No. 02-90023 (E.D. Mich. June 1, 2004);

2. Referring to, interrogating any witness concerning, commenting upon, or attempting to suggest to the jury in any way that Defendant is the target of selective or vindictive prosecution by the United States.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 12, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager