UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 JOSE CASTRO-RAMIREZ,

        Defendant.
_____/

Case No. 09-20215

HONORABLE SEAN F. COX
United States District Judge

## OPINION & ORDER DENYING DEFENDANT'S MOTION
## *IN LIMINE* OR TO STRIKE PARAGRAPH 38 OF THE INDICTMENT [Doc. No. 233]

Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury trial in this matter is scheduled to begin on February 16, 2010. The case is before the Court on Defendant's late-filed "Motion *in Limine* or to Strike Paragraph #38 of the Indictment" [Doc. No. 233]. The Court heard oral argument on the motion on February 16, 2010. For the reasons that follow, the Court **DENIES** the Defendant's motion [Doc. No. 233].

### BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment, Doc. No. 4]. Specifically, the Government contends that Dr. Castro-Ramirez, along with his co-

1

defendants, conspired as follows:

> 26. It was a purpose of the conspiracy for defendants. . . JOSE CASTRO-RAMIREZ. . . , and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for physical therapy, occupational therapy and other services, (c) soliciting and receiving kickbacks and *in return for arranging the furnishing of services for which payment may be made by Medicare* by providing their Medicare beneficiary numbers, which formed the basis of claims filed for physical therapy, occupational therapy, and other services; (d) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (e) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

[Indictment, Doc. No. 4, ¶26 (emphasis added)].

Dr. Castro-Ramirez is alleged to have furthered this conspiracy by signing medical documentation ordering physical and/or occupational therapy services which were medically unnecessary and not provided to patients, submitted reimbursement claims to the Medicare program for those referrals, and fabricated medical and billing documents in support of those referrals. *Id*. at ¶¶37-39. Specifically, Paragraphs 37-39 state as follows:

> 37. Defendant JOSE CASTRO-RAMIREZ signed medical documentation ordering physical therapy, occupational therapy, and other services purportedly provided by CRS, PM, HOR, AND M&M, and billed to Medicare by TriStar, MCPT, and S.U.B., which were medically unnecessary and were not provided.
>
> 38. Defendant JOSE CASTRO-RAMIREZ submitted claims to the Medicare program for home visits purportedly to Medicare beneficiaries allegedly in need of physical therapy, occupational therapy, and other services, when, in fact, such home visits were medically unnecessary and were not provided.
>
> 39. Defendants SURESH CHAND, JOSE CASTRO-RAMIREZ, MUHAMMAD AZEEM, SHAFIULLA ABDUL HANIF, and SANDEEP AGGARWAL

2

would fabricate medical and billing documents which falsely stated that
patients had received specific therapeutic treatments, when, in fact, the
patients had not received the treatments reflected on those documents.

[Indictment, Doc. No. 4, ¶¶37-39].

In the instant motion, Dr. Castro-Ramirez argues that "any evidence proffered in support of him billing for services while out of town should be excluded or precluded because it was not specifically charged in the Indictment." [Def.'s Br., Doc. No. 233, p.5]. Dr. Castro-Ramirez also argues that ¶38 of the Indictment is "irrelevant," "should be excluded as more prejudicial than probative," that it is "surplusage," and that it "suggests that Dr. Castro was the only person involved or who benefited from this alleged conduct," and therefore "could not be considered a part of any conspiracy." *Id*.

## ANALYSIS

None of Dr. Castro-Ramirez' arguments in the instant motion have merit. For the reasons that follow, the Court therefore **DENIES** the Defendant's motion.

I. <u>The Indictment and Specifically Charged Conduct</u>.

Dr. Castro-Ramirez argues that "any evidence proffered in support of him billing for services while out of town should be excluded or precluded because it was not specifically charged in the Indictment." [Def.'s Br., Doc. No. 233, p.5]. This argument, however, is plainly contradicted by the language in ¶38 of the Indictment:

> 38. Defendant JOSE CASTRO-RAMIREZ submitted claims to the Medicare
> program for home visits purportedly to Medicare beneficiaries allegedly in
> need of physical therapy, occupational therapy, and other services, when,
> in fact, such home visits were medically unnecessary and were not
> provided.

[Indictment, Doc. No. 4, ¶38]. That ¶38 does not break down *when* these medically unnecessary

3

and not-provided services were allegedly performed is irrelevant - the indictment *does* put Dr. Castro-Ramirez that this conduct is part of the Government's case. Further, as alleged in the Declaration of Special Agent Jeffrey Jamrosz [Government's Ex. 1, Doc. No. 237, ¶¶5-6], the defense has been on notice of the Government's intent to admit this evidence since at least July 22, 2009.

Further, over three months after the July 22, 2009 meeting with Special Agent Jamrosz, Dr. Castro-Ramirez filed a motion for bill of particulars [Doc. No. 173] on October 29, 2009. In that motion, Dr. Castro-Ramirez sought, among other requested relief, "[t]he basis in fact for the assertions in ¶¶ 37 & 38 that any therapy, services, or home visits were medically necessary or were not performed. . . ." [Doc. No. 173, p.3]. The Court denied Dr. Castro-Ramirez' motion for bill of particulars, noting that the motion was brought "well beyond" the time for filing such motions under FED. R. CRIM. P. 7(f). [Doc. No. 196, p.3]. The Court also held that the indictment "adequately sets forth the elements of the offenses the Defendant is charged with, the time and place of the Defendant's allegedly illegal conduct, and a citation to the relevant statutes. Nothing more is required." *Id.* at 4. Finally, the Court noted that, due to the Government's extensive Rule 16 disclosures in this case, "requiring the Government to provide Dr. Castro-Ramirez with a bill of particulars in the instant case is unwarranted." *Id.*

As the Government argues in its response brief, Dr. "Castro filed a motion for bill of particulars in October. He could have raised any concerns he had with the allegations in Paragraph 38 at that time." [Government's Br., Doc. No. 237, p.6]. Dr. Castro-Ramirez failed to do so, however, and the Court precludes him from doing so on the eve of trial. *See United States v. Oldfield*, 859 F.2d 392, 396 (6th Cir. 1988); see also *United States v. Cooper*, 902 F.2d 1570

(6th Cir. 1990). Dr. Castro-Ramirez' arguments to the contrary are without merit.

    II. <u>Indictment Paragraph 38 as "Irrelevant" or "Mere Surplusage</u>."

Dr. Castro-Ramirez' arguments that ¶38 of the Indictment is "irrelevant[,]" or is "mere surplusage" [Def.'s Br., Doc. No. 233, p.5] are similarly without merit. As the Government argues in its response brief:

> The government contends, and will introduce testimony and documents proving, that billing for fraudulent home visits is the principal way in which Castro was compensated for his role in the scheme. These fraudulent visits are not tangential to the government's case - rather, they are a key part of the conspiracy of which Castro was a part.

[Government's Br., Doc. No. 237, p.4]. Dr. Castro-Ramirez' arguments to the contrary are without merit.

    III. <u>"Probative" Versus "Unduly Prejudicial" Under FED. R. EVID. 403</u>.

Dr. Castro-Ramirez' also argues that the relevance of this evidence is substantially outweighed by its unfair prejudice. "The only purpose [for admitting this evidence] would be to improperly suggest to the jury that Dr. Castro engaged in some <u>other</u> wrongful conduct in addition to that alleged in furtherance of the conspiracy." [Def.'s Br., Doc. No. 233, p.6].

The Court disagrees. "Rule 403 governs whether evidence that is relevant under Federal Rule of Evidence 401 is admissible. *United States v. Caver*, 470 F.3d 220, 240 (6th Cir. 2006). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "refers to the evidence which tends to suggest decision on an improper basis." *Caver*, 470 F.3d at 240. Such an improper basis is "commonly, though not

5

necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In this case, the evidence sought by the prosecution to be admitted against Dr. Castro-Ramirez has *high* probative value. As the Government argues in its response brief, these home visit billings "represented a form of (quite substantial) payment for his signatures on forms documenting fictional payment and occupational services[;] *they reflect an integral component of the health care fraud conspiracy alleged in this case*." [Government's Br., Doc. No. 237, p.1]. The Court agrees.

Weighed against the high probative value of this evidence, its admission is not *unfairly* prejudicial. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest on an improper basis." *United States v. Johnson*, 581 F.3d 320, 327 (6th Cir. 2009), citing *Paschal v. Flagstar Bank*, 295 F.3d 565, 579 (6th Cir. 2002). Here the prejudice caused to Dr. Castro-Ramirez by admission of evidence that he billed for home health visits allegedly conducted while he was out of town is "the result of the legitimately probative force of the evidence, not anything improper or unfair about it." *Johnson*, 581 F.3d at 328.

The Court therefore finds that, consistent with FED. R. EVID. 403, the probative value of the challenged evidence "is not substantially outweighed by the danger of unfair prejudice" from its admission at trial. Dr. Castro-Ramirez' arguments to the contrary are without merit.

IV. The Defendant's Alleged "Single Person Conspiracy."

Finally, Dr. Castro-Ramirez argues that ¶38 of the Indictment "suggests that Dr. Castro was the only person involved or who benefited from this alleged conduct," and therefore "could not be considered a part of any conspiracy." [Def.'s Br., Doc. No. 233, p.5]. Dr. Castro-Ramirez

6

goes on to argue that, as he was "the only person involved or who benefited from this alleged conduct it could not be considered a part of any conspiracy. There can be no such thing as a conspiracy of one." *Id*. at 7, citing *Horne v. City of Boston*, 509 F.Supp.2d 97, 113 (D. Mass. 2007).

The Court disagrees. As argued by the Government in its response brief:

> Castro is one of 16 people charged in Count 1. Each co-conspirator had a different role (or roles) in furthering the objects of the conspiracy. The government will prove that Castro's compensation for participating in the conspiracy included his ability to bill Medicare for home visits he never conducted. It is black-letter law that a single conspiracy may have a variety of criminal objectives. *See, e.g., Frohwerk v. U.S.*, 249 U.S. 204, 209-10 (1919); *U.S. v. Solimine*, 536 F.2d 703 (6th Cir. 1977).

[Government's Br., Doc. No. 237, p.5]. The Court agrees, and finds Dr. Castro-Ramirez' arguments to the contrary are without merit.

CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendant's motion [Doc. No. 233].

**IT IS SO ORDERED**.

Dated: February 16, 2010  S/ Sean F. Cox
Sean F. Cox
United States District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF

7

System and/or U. S. Mail on February 16, 2010.

s/Jennifer Hernandez  
Case Manager to  
District Judge Sean F. Cox