UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 09-20215

      Plaintiff,   HONORABLE SEAN F. COX
         United States District Judge
v.

D-2 JOSE CASTRO-RAMIREZ,

      Defendant.
_____/

OPINION & ORDER DENYING DEFENDANT'S MOTION
TO AMEND ORDER AND FOR RECONSIDERATION [Doc. No. 235]

Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury selection was held on February 16, 2010, with opening statements scheduled to begin on February 17, 2010. On February 12, 2010, the Court granted the Government's motion *in limine* [*See* Doc. No. 228]. The case is before the Court on Defendant's motion to amend and for reconsideration of the Court's February 12, 2010 order [Doc. No. 235]. The Court declines to hear oral argument on the motion pursuant to Local Rule 7.1(g)(3). For the reasons that follow, the Court **DENIES** the Defendant's motion [Doc. No. 235].

BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy

1

to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment, Doc. No. 4].

The Court's "Order Regarding Trial" [Doc. No. 207] set trial in this matter to begin on February 16, 2010, and required the parties to file motions *in limine*, if any, no later than February 10, 2010. On February 10, 2010, the Government filed their motion *in limine*, in which they argued as follows:

> . . .[C]ertain of the evidence Defendant seeks to present [is] wholly unrelated to the charges in this matter. . . . Moreover, arguments that Defendant has made concerning the propriety of the government's decision to charge him and in the manner in which it conducted its investigation that are purely legal questions that are properly presented to, and resolved by, the Court.

[Government's Br., Doc. No. 224, p.2]. Specifically, the government argued that Dr. Castro-Ramirez' acquittal in the unrelated criminal case, *United States v. Seabron*, E.D. Mich. Case No. 02-90032, should be precluded from evidence in the instant case. *Id*. The Government also argued that Dr. Castro-Ramirez should be precluded from arguing that he was the target of vindictive or selective prosecution. *Id*.

While the Defendant did not file a response brief in opposition to the Government's motion, Defense counsel argued in opposition to the motion at oral argument on February 12, 2010. At the February 12, 2010 hearing, the Court specifically asked questions of the parties regarding whether evidence of Dr. Castro-Ramirez' acquittal in the *Seabron* case was inadmissible hearsay.

In a written opinion issued on February 12, 2010, the Court granted the Government's motion *in limine*, and precluded the following conduct at trial:

1. Referring to, interrogating any witness concerning, commenting upon, or attempting to suggest to the jury in any way that Defendant was acquitted

of health care fraud in the matter captioned as *United States v. Seabron*,
   No. 02-90023 (E.D. Mich. June 1, 2004);

2. Referring to, interrogating any witness concerning, commenting upon, or
   attempting to suggest to the jury in any way that Defendant is the target of
   selective or vindictive prosecution by the United States.

[Court's February 12, 2010 Opinion & Order, Doc. No. 228, p.5].

On February 15, 2010, Dr. Castro-Ramirez filed the instant "Motion to Amend Order and For Reconsideration" [Doc. No. 235]. In that motion, Dr. Castro-Ramirez requests that the Court "reconsider the Opinion & [O]rder Granting the Government's Motion In Limine to the extent that it precludes any reference to Dr. Castro's acquittal in the prior case and therefore[] affects a substantial right of a party." [Def.'s Motion, Doc. No. 235, p.2]. The Government opposes Dr. Castro-Ramirez' instant motion. [*See* Government's Br., Doc. No. 239].

## STANDARD OF REVIEW

Motions for reconsideration or rehearing are generally governed by Local Rule 7.1(g)(3) of the Eastern District of Michigan. That rule states as follows:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, expressly or by reasonable implication. The movant must not
> only demonstrate a palpable defect by which the court and the parties have been
> misled but also show that correcting the defect will result in a different
> disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

## ANALYSIS

Dr. Castro-Ramirez raises three primary arguments in support of his motion for reconsideration: 1) that the Court predicated its February 12, 2010 Opinion & Order [Doc. No. 228] upon an issue neither raised nor briefed by the parties; 2) that the Court's reliance on

*Commonwealth of Kentucky v. Louis Trauth Dairy, Inc.*, 1998 WL 199717 (6th Cir. Apr. 16, 1998), in the Court's February 12, 2010 Opinion & Order was in error; and 3) that Dr. Castro-Ramirez seeks to admit evidence of his acquittal in the *Seabron* matter not for its truth, but as "background" to events pertinent to this matter. None of these arguments have merit.

Two preliminary matters. First, the Government's motion *in limine* sought an order from the Court precluding two separate types of evidence: 1) evidence pertaining to Dr. Castro-Ramirez' acquittal in the *Seabron* case; and 2) evidence pertaining to arguments that Dr. Castro-Ramirez has been the target of selective or vindictive prosecution. The Court granted the Government's motion with respect to *both* arguments. [*See* Doc. No. 228, p.5]. In his motion for reconsideration, however, Dr. Castro-Ramirez only raises arguments regarding the *Seabron* case, not issues pertaining to selective or vindictive prosecution. Therefore, the Court's February 12, 2010 Opinion & Order [Doc. No. 228] remains unchallenged with regard to the Court's preclusion of evidence regarding selective or vindictive prosecution.

Second, despite Dr. Castro-Ramirez' arguments to the contrary, the Court never granted Dr. Castro-Ramirez leave to file an untimely response brief to the Government's motion *in limine* before the Court issued its February 12, 2010 Opinion & Order. Rather, the Court informed Defense counsel that Dr. Castro-Ramirez was free to revisit the subject of the Government's motion *in limine* in a motion for reconsideration - a right which Dr. Castro-Ramirez has availed himself through filing this motion. The Court's Order Regarding Trial [Doc. No. 207] set February 10, 2010 as the deadline for filing motions *in limine*, and informed the parties that such motions, if any were filed, would be heard on February 12, 2010. Dr. Castro-Ramirez never objected to the briefing schedule for these motions when the Court issued

4

the Order Regarding Trial on January 14, 2010, and only now objects to the briefing deadlines set by the Court. To the extent that Dr. Castro-Ramirez moves this Court to amend its February 12, 2010 Opinion & Order, that motion is **DENIED**.

I. "Issues Neither Raised Nor Briefed By the Parties."

Dr. Castro-Ramirez argues that "the conclusion of the Opinion and Order rests upon an issue neither raised nor briefed by the parties. . . ." [Def.'s Br., Doc. No. 235, p.5]. Dr. Castro-Ramirez elaborates as follows:

> While the Government's Motion was predicated on relevance and jury confusion (Fed. R. Evid. 401 & 403) the Court's Opinion & Order granted the relief requested on the grounds that Dr. Castro's acquittal in the unrelated *Seabron* case is admissible hearsay.

*Id*. at 4.

While Dr. Castro-Ramirez is correct that the Government did not specifically argue in its brief supporting its motion *in limine* that Dr. Castro-Ramirez' prior acquittal was inadmissible hearsay, the Government did argue that Dr. Castro-Ramirez' prior acquittal in the *Seabron* case was not relevant - indeed, the entire argument heading in the Government's brief was styled: "Defendant's Acquittal in the *Seabron* Case Is Not Relevant." [Government's Br. Doc. No. 224, p.2].

Furthermore, at oral argument on February 12, 2010, the Court specifically asked both parties questions regarding whether Dr. Castro-Ramirez' prior acquittal in the *Seabron* case was inadmissible hearsay. Also at the February 12, 2010 hearing, the Court expressed its willingness to entertain a motion to reconsider its February 12, 2010 Opinion & Order - which Dr. Castro-Ramirez has availed himself of by filing the instant motion. Dr. Castro-Ramirez, despite already being on notice of the Court's intention to preclude this evidence as inadmissible hearsay, makes

5

no argument in his brief against *the merits* of the Court's holding. The Court's holding that the *Seabron* acquittal constituted inadmissible hearsay thus did not take Dr. Castro-Ramirez by surprise, nor did it generate an unfair advantage for the prosecution in this matter.

The parties sought to have the Court engage, consistent with FED. R. EVID. 403, in a balancing of the probative value of the *Seabron* acquittal against the danger of unfair prejudice resulting from its admission at trial. "Rule 403 governs whether evidence that is *relevant* under Federal Rule of Evidence 401 is admissible." *United States v. Caver*, 470 F.3d 220, 240 (6th Cir. 2006) (emphasis added). "Although *relevant*, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403 (emphasis added).

The Court could not engage in the Rule 403 balancing exercise requested by the parties, however, *because that evidence was not "relevant" under Rule 401*. Under Rule 401, "relevant" evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without such evidence." FED. R. CIV. P. 401. Sixth Circuit case law is clear that, as inadmissible hearsay, "[a] prior criminal conviction is irrelevant because it does not establish the defendant's innocence." Weighing the high probability for juror confusion, which necessarily would arise from the admission of the facts surrounding the *Seabron* acquittal, against the *absence* of any relevance was therefore an unnecessary exercise for the Court to undertake. Dr. Castro-Ramirez' arguments to the contrary are without merit.

II. *Louis Trauth Dairy* as Supportive of the Defendant's Arguments.

6

Dr. Castro-Ramirez also argues that *Louis Trauth Dairies*, cited by this Court in its February 12, 2010 Opinion & Order, actually supports Dr. Castro-Ramirez' arguments. The Court disagrees. While the Sixth Circuit in *Louis Trauth Dairies* may have found the trial court's error to be harmless due to curative jury instructions being given, this does nothing to undermine the Court's reliance upon the case's central holding: that judgments of acquittal are hearsay and not relevant because the acquittal does not prove the defendant's innocence, but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime. Dr. Castro-Ramirez's arguments to the contrary are without merit.

    III.  The *Seabron* Case as "Background" For the Instant Case.

Finally, Dr. Castro-Ramirez argues that the Court should not preclude the *Seabron* acquittal from evidence at trial, as Dr. Castro-Ramirez seeks to introduce the acquittal not for the truth of the matter asserted, but instead as "background," which "giv[es] context to other testimony or provid[es] a reason for other actions." [Def.'s Br., Doc. No. 235, p.7]. Dr. Castro-Ramirez elaborates as follows:

> In the unique context of this case, the prior trial and acquittal is highly relevant. The Government will argue that payments from Suresh Chand were "kickbacks" for Dr. Castro's signature on therapy orders. Dr. Castro has always maintained that these were loans. The nature of the money provided by Chand therefore is "of consequence" to a determination of probability and highly relevant per Fed. R. Evid. 401. . . . The overlap of the two cases further supports the proposition that reference to the trial, and acquittal are necessary to provide the jury a complete picture of Dr. Castro's circumstances at the time. . . . Dr. Castro was financially devastated as a result [of the *Seabron* case] and help explain why he couldn't afford any help to keep his patient files and billing records up to date and organized.

[Def.'s Br., Doc. No. 235, p.9].

The Court disagrees. As argued by the Government in their response brief, the Court's

7

February 12, 2010 Opinion & Order:

> . . . does not preclude Castro [from] raising the argument that the payments were in fact "loans" to help him with financial difficulties. The Order merely precludes Castro from arguing that his financial difficulties were a result of the *Seabron* case, an argument that the Court correctly determined might [cause] confusion or mislead the jury. In sum, a claim by Defendant that Chand's payments were loans to assist him through a difficult period is entirely consistent with the Court's Order and provides no basis for reconsideration.

[Government's Br., Doc. No. 239, p.2]. Dr. Castro-Ramirez' arguments to the contrary are without merit.

## CONCLUSION

For the reasons explained above, the Court **DENIES** the Defendant's motion for reconsideration [Doc. No. 235].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager