UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　　Case No. 09-20215

　　　　　Plaintiff,　　　　　　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

D-2 JOSE CASTRO-RAMIREZ,

　　　　　Defendant.
_____/

OPINION & ORDER GRANTING THE GOVERNMENT'S MOTION *IN LIMINE*
TO PREVENT THE USE OF CERTAIN CONVICTIONS TO IMPEACH [Doc. No. 245]

Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury trial in this matter began on February 16, 2010. The case is before the Court on the Government's "Motion *in Limine* to Prevent the Use of Certain Convictions to Impeach" [Doc. No. 245]. The Court heard oral argument on the motion on February 23, 2010. For the reasons that follow, the Court **GRANTS** the Government's motion [Doc. No. 245].

BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment, Doc. No. 4].

1

On February 22, 2010, the Government filed the instant motion, seeking to prevent Dr. Castro-Ramirez from using convictions that are time-barred under FED. R. EVID. 609(b) for the purpose of impeaching government witnesses. "Defendant Jose Castro-Ramirez has expressed his intent to impeach government witnesses Ira Dickerson and Cora Bynum using convictions that date back more than ten years." [Government's Br., Doc. No. 245, p.1]. Specifically, the Government states that these witnesses have the following criminal history:

> Government witness Ira Dickerson has a 1971 conviction for obstructing the U.S. Mail. She was also convicted in 1993 of misdemeanor retail fraud, for which she was sentenced to 1 year of probation. Government witness Cora Bynum was convicted of embezzlement and carrying a concealed weapon in 1995. She was sentenced to 183 days imprisonment for her convictions.

*Id*. at 2. As "[d]efendant has not made any showing that would support a finding that the crimes involved in the convictions have any relationship to the facts and circumstances of the instant case," the Government argues that "any reference to them should be excluded at trial." *Id*. at 3.

Dr. Castro-Ramirez opposes the Government's motion, arguing as follows:

> In this case, credibility is a central issue. The Government's case has been and will be based on the testimony of liars, thieves and cheaters. The jury is entitled to know that. The impeachment value of prior convictions involving dishonesty by the Government's witnesses cannot be overstated where credibility is a central issue and crimes of dishonesty can be "particularly probative." [*United States* v.] Cox[,159 Fed. Appx. 654 (6th Cir. 2005)]*, supra*.

[Def.'s Br., Doc. No. 246, p.5].

ANALYSIS

The Government's motion seeks an order from the Court precluding the use of time-barred convictions to impeach Ms. Dickerson and Ms. Bynum at trial. For the reasons that follow, the Court **GRANTS** the Government's motion [Doc. No. 245], and will preclude the use of Ms. Dickerson's and Ms. Bynum's time-barred convictions from being used to impeach their

testimony at trial.

The use of a prior conviction to impeach the testimony of a trial witness is generally governed by Rule 609 of the Federal Rules of Evidence, which states as follows:

> (a) General Rule - For the purpose of attacking the character for truthfulness of a witness,
> (1) evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year. . . shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

FED. R. EVID. 609(a).

In this case, the Defendant has made no argument that any of the convictions against Ms. Dickerson or Ms. Bynum satisfy the requirements of Rule 609(a)(1) - rather, Defendant seeks to impeach both witnesses by questioning them about their crimes subject to Rule 609(a)(2): Ms. Dickerson's 1993 conviction for retail fraud, and Ms. Bynum's 1995 conviction for embezzlement. Both crimes have been held to satisfy the "act of dishonesty or false statement" requirement of Rule 609(a)(2). *See United States v. Rogers*, 1992 WL 107066, *5 (6th Cir. May 15, 1992) (retail fraud conviction satisfies Rule 609(a)(2) requirement); *F.D.I.C. v. Stables*, 573 F.3d 289, 295 (6th Cir. 2009) (embezzlement conviction satisfies Rule 609(a)(2) requirement).

Rule 609, however, requires that convictions satisfying Rule 609(a)(2)'s "dishonesty or false statement" standard not be too remote in time. Rule 609(b) states, in pertinent part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release or the

witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

FED. R. EVID. 609(b) (emphasis added). Each of these relevant convictions - Ms. Dickerson's retail fraud conviction and Ms. Bynum's embezzlement conviction - were more than ten years ago, and thus are subject to Rule 609(b). As the proponent of this impeachment evidence, Dr. Castro-Ramirez bears the burden of coming forward with "specific facts and circumstances" demonstrating that the prejudicial effect of these convictions is substantially outweighed by their probative value. *See United States v. Sims*, 588 F.2d 1145, 1149 (6th Cir. 1978).

Dr. Castro-Ramirez, however, has failed to come forward with "specific facts and circumstances," as required by FED. R. EVID. 609(b), regarding the convictions of Ms. Dickerson and Ms. Bynum. As such, Dr. Castro-Ramirez has failed to meet his burden under Rule 609(b), which in and of itself warrants preclusion of these convictions from being used at trial to impeach these witnesses.

Despite this, Dr. Castro-Ramirez argues that the credibility of these witnesses is "a central issue" in this trial. [Def.'s Br., Doc. No. 246, p.6]. This argument alludes to one of five factors which the Sixth Circuit has instructed district courts to consider when determining whether the probative value of such a conviction substantially outweighs its prejudicial effect:

> Some of the factors which the judge should take into account in making his determination. . . [are]:
> (1) The impeachment value of the prior crime.
> (2) The point in time of the conviction and the witness' subsequent history.
> (3) The similarity between the past crime and the challenged crime.
> (4) The importance of the defendant's testimony.
> (5) *The centrality of the credibility issue*.

4

*Sims*, 588 F.2d at 1149 (emphasis added). Citing the Sixth Circuit's holding in *United States v. Cox*, 159 Fed. Appx. 654 (6th Cir. 2005), Dr. Castro-Ramirez argues that "[t]he impeachment value of prior convictions. . . cannot be overstated where credibility is a central issue and crimes of dishonesty can be particularly probative." [Def.'s Br., Doc. No. 246, p.6 (internal quotation omitted)].

Dr. Castro-Ramirez' reliance upon *Cox* is misplaced. In *Cox*, the *defendant's* credibility "was a central issue at trial, the main question for the jury being whether Cox knew the firearms and cocaine [he was charged with possessing] were in his possession." *Cox*, 159 Fed. Appx. at 657. Dr. Castro-Ramirez has failed to direct the Court to *any* cases - from the Sixth Circuit or otherwise - where a witness *who was not also the defendant* had their credibility as a "central issue" in a judicial proceeding. Furthermore, Dr. Castro-Ramirez has failed to provide the Court with *any* reason why the credibility of either Ms. Dickerson or Ms. Bynum be a "central issue" in the criminal case against Dr. Castro-Ramirez.

## CONCLUSION

The Court **HOLDS** that Dr. Castro-Ramirez has failed to show that the probative value of these convictions, supported by specific facts and circumstances, substantially outweighs their prejudicial effect under FED. R. EVID. 609(b). For this reason, the Court **GRANTS** the Government's motion [Doc. No. 245], and precludes the use of Ms. Dickerson's and Ms.

Bynum's time-barred convictions from being used to impeach their testimony at trial.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: February 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 23, 2010, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager