UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　Case No. 09-20215

　　　　　Plaintiff,　　　　　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

D-2 JOSE CASTRO-RAMIREZ,

　　　　　Defendant.
_____/

OPINION & ORDER DENYING THE DEFENDANT'S
MOTION TO SEQUESTER WITNESS [Doc. No. 244]

　　　　Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury trial in this matter began on February 16, 2010. The case is before the Court on the Defendant's "Motion to Sequester Witness" [Doc. No. 245], in which the Defendant requests that the Court continue to sequester Special Agent Darren Bartnik ("Bartnik"), of the U.S. Department of Health & Human Services. The Court heard oral argument on the motion on February 23, 2010. For the reasons that follow, the Court **DENIES** the Defendant's motion [Doc. No. 244].

BACKGROUND

　　　　On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment,

1

Doc. No. 4].

The Government has designated Federal Bureau of Investigation Agent Jeffrey Jamrosz as the officer in charge of this case. During the investigation of this matter, Agent Jamrosz worked closely with Special Agent Bartnik, though both agents were responsible for different aspects of the investigation. Special Agent Bartnik was originally identified as a potential witness on both the Government's and the Defendant's witness lists. The Court expressed willingness to entertain lifting the sequestration order with respect to Special Agent Bartnik on February 18, 2010 upon the Government stating that it no longer intended to call Special Agent Bartnik as a witness.

The Government also stated that it needed Special Agent Bartnik to help manage and coordinate the presentation of the Government's case, as this case was the product of a joint investigation between the FBI and Health & Human Services. Specifically, Special Agent Bartnik was responsible for securing the search warrant executed on Dr. Castro-Ramirez's office, which resulted in sixty-eight bank boxes of documents being seized. Special Agent Bartnik is familiar with the contents of these boxes, which Dr. Castro-Ramirez has expressed a desire to use in his defense.

The Court instructed Dr. Castro-Ramirez that he was free to file a motion stating specific and concrete reasons why Special Agent Bartnik should remain sequestered. In response, Dr. Castro-Ramirez filed the instant motion.

In his motion, Dr. Castro-Ramirez argues that Special Agent Bartnik's presence in Court is not "essential" to the Government's case:

> In this case, Mr. Bartnik is not "essential." While the trial is scheduled for several weeks, there is only one defendant; not an overwhelming amount of evidence or

2

exhibits requiring that F.B.I. case agent Jamroz needs additional assistance in the
courtroom. Furthermore, all of the evidence or exhibits are readily accessible to
counsel for the Government.

[Def.'s Br., Doc. No. 244, p.6].

ANALYSIS

Dr. Castro-Ramirez argues that Special Agent Bartnik should remain sequestered during this action, as his presence in court is not "essential" to the presentation of the Government's case. The Court disagrees, and therefore **DENIES** Dr. Castro-Ramirez' motion [Doc. No. 244].

Sequestration of witnesses is generally governed by FED. R. EVID. 615, which provides as follows:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) *a person whose presence is shown by the party to be essential to the presentation of the party's case*, or (4) a person authorized by statute to be present.

FED. R. EVID. 615 (emphasis added). In opposition to Dr. Castro-Ramirez' motion, the Government argues that Special Agent Bartnik's presence in court is "essential" to the Government's case for purposes of Rule 615. The Court agrees.

In *United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993), the Sixth Circuit outlined the process for evaluating whether a second agent-witness for the Government was "essential" to the Government's case:

> Rule 615(2) affords the government the right to designate only one representative for that purpose [i.e., assistance in the courtroom]. However, certain prosecutions may be complex enough that the aid of more than one law enforcement officer is needed to sort through extensive, technical evidence, and to help map out strategy. When the government wants to have two agent-witnesses in attendance throughout a trial, it is always free to designate one agent as its representative

3

> under subpart (2) to Rule 615 and to try to show under subpart (3) that the
> presence of the second agent is essential to the presentation of its case.

*Phibbs*, 999 F.2d at 1072 (internal quotations and citations omitted).

The "essential" witness exception in FED. R. EVID. 615(3) "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of litigation." *Id*. at 1073 (internal citation omitted). In *Phibbs*, the Sixth Circuit affirmed the district court's decision to allow a second agent - Finken - to join the Government's Rule 615(2) designee - Merryman - at counsel table during the trial:

> We are persuaded that Finken fell within this category [Rule 615(3)] due to the particular circumstances of the case at bar. This was a trial that was scheduled for approximately one month, involving several defendants *and a great deal of evidence, not all of which was readily accessible*. After Merryman was designated the government's representative in accordance with Rule 615(2), the court determined that *Finken, who was intimately familiar with portions of the evidence*, was also needed to advise the government in its handling of the prosecution. As Merryman and Finken were, for the most part, responsible for distinct aspects of a far-flung investigation, this was not an abuse of discretion.

*Id*. (emphasis added).

The Court finds the facts of the instant case analogous to *Phibbs*. Here, Dr. Castro-Ramirez is accused of being a co-conspirator in a complex Medicare fraud scheme - similar to the circumstances in *Phibbs*, which involved a complex narcotics distribution conspiracy. As in *Phibbs*, here there is an enormous amount of documentary evidence that is not readily accessible.

This case was also a joint investigation between the FBI and Health and Human Services, with Agent Jamrosz and Special Agent Bartnik being responsible for different aspects of the investigation. As in *Phibbs*, here Special Agent Bartnik is "intimately familiar with portions of the evidence," requiring Special Agent Bartnik's presence in Court "to advise the government in

4

its handling of the prosecution." *Phibbs*, 999 F.2d at 1073. On these facts, just as in *Phibbs*, the Court finds that Special Agent Bartnik is "essential" to the government's case under Rule 615(3), and therefore will not subject Special Agent Bartnik to continued sequestration.

CONCLUSION

The Court **HOLDS** that Special Agent Bartnik has been shown by the Government to be a person whose presence is essential to the presentation of the Government's case under FED. R. EVID. 615(3). For this reason, the Court **DENIES** the Defendant's motion for sequestration [Doc. No. 244].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager