UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 JOSE CASTRO-RAMIREZ,

        Defendant.
_____/

Case No. 09-20215

HONORABLE SEAN F. COX
United States District Judge

## OPINION & ORDER GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S PROPOSED EXHIBIT FFFF [Doc. No. 264]

Dr. Jose Castro-Ramirez is charged with one count of conspiracy to commit health care fraud, eleven counts of health care fraud, and one count of conspiracy to commit money laundering. [*See* Doc. No. 4]. Jury trial began on February 16, 2010. The case is before the Court on the Government's "Motion *In Limine* To Exclude Defendant's Proposed Exhibit FFFF" [Doc. No. 264], a laptop computer belonging to Dr. Castro-Ramirez, which was seized by the Government during the execution of a search warrant. On March 8, 2010, Defense Counsel filed a brief in opposition [Doc. No. 267]. For the reasons that follow, the Court **GRANTS** the Government's motion [Doc. No. 264].

### BACKGROUND

On June 24, 2009, the grand jury returned an indictment charging Dr. Castro-Ramirez with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* June 24, 2009 Indictment,

1

Doc. No. 4]. Dr. Castro-Ramirez allegedly signed medical documentation ordering physical and/or occupational therapy services which were medically unnecessary and not provided to patients, submitted reimbursement claims to the Medicare program for those referrals, and fabricated medical and billing documents in support of those referrals. *Id*. at ¶¶37-39.

On January 14, 2010, the Court met with counsel, and with their agreement, the Court issued its "Order Regarding Trial" [Doc. No. 207], requiring that exhibit lists be exchanged by February 10, 2010, pursuant to Federal Rule of Criminal Procedure 16(b).

On February 10, 2010, Defense Counsel submitted "Defendant's Proposed Exhibit List" [Doc. No. 216], indicating, as potential exhibits, several checks, a bank deposit ticket, photographs, and a Christmas card. That Proposed Exhibit List also included sixty-eight boxes seized from Dr. Castro-Ramirez by the Government during the execution of a search warrant. Though Dr. Castro-Ramirez now argues that the laptop was in one of these sixty-eight boxes, the Proposed Exhibit List did not specifically identify the laptop computer as evidence that Defendant intended to admit as evidence at trial.

On March 3, 2010, Defense Counsel submitted "Defendant's First Amended Proposed Exhibit List" [Doc. No. 257], which, again, did not specify the laptop as a potential exhibit.

On March 4, 2010, during cross-examination of Agent Jeffrey Jamrosz, the Government's final witness, Defense Counsel, for the first time, sought to introduce the laptop into evidence as proposed exhibit FFFF. The Government filed the instant motion [Doc. No. 264] that same day.

ANALYSIS

The Government seeks an order from the Court precluding the introduction of Dr. Castro-Ramirez' laptop. For the reasons that follow, the Court **GRANTS** the Government's motion

[Doc. No. 264], and precludes the introduction of Dr. Castro-Ramirez' laptop as evidence at trial.

Defense Counsel argues that the Sixth Amendment provides a criminal defendant with the right to present witnesses and evidence in his defense, and "only egregious violations involving, for example, 'willful misconduct' on the part of the defendant or his counsel will justify the exclusion of material evidence." *Ferensic v. Birkett*, 501 F.3d 469, 476 (6th Cir. 2007).

The Government argues that under the Supreme Court's test in *Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988), a trial judge must weigh the defendant's right to compulsory process against countervailing public interests: (1) the integrity of the adversary process; (2) the interests in the fair and efficient administration of justice; and (3) the potential prejudice to the truth-determining function of the trial process. *Id.*

The Government argues that the instant cases is similar to *United States v. Hamilton*, 128 F.3d 996, 1001 (6th Cir. 1997). There, a criminal defendant proposed to introduce twenty-three cash receipts as exhibits on the sixth day of trial, *id*. at 998, without previously giving an exhibit list to the Government. The Government objected to the introduction of the receipts, as the defendant had failed to comply with the court's discovery order. *Id*. at 999. The district court sustained the Government's objection, and ordered that the exhibits could not be introduced. *Id*.

Here, as in *Hamilton*, Defense Counsel made an "eleventh hour," *id*. at 1002, attempt to introduce an exhibit – here, Dr. Castro-Ramirez' laptop computer. Dr. Castro-Ramirez, as owner of the laptop, was in the best position to know what information was on the laptop. If Defense Counsel (who has been tirelessly and aggressively representing Defendant's interests) believed the laptop truly contained relevant and/or exculpatory information, he would have requested the

3

laptop earlier and he could have included it in either his February 10, 2010 or March 3, 2010 proposed exhibit lists. Instead, Defense Counsel only sought to introduce the laptop as evidence during his cross-examination of the Government's final witness.

The Defendant's last-minute attempt to enter the laptop into evidence does not provide the Government with sufficient notice to ensure that the laptop has not been altered. Defendant and his counsel have had possession of the laptop since February 25, 2010, and have turned it on. The only way for the Government to verify that the laptop is in the same condition as when it was initially seized, would be for the Government to conduct a forensic analysis comparing the laptop to a mirrored copy of the hard drive. This would take a significant amount of time and resources and cause a substantial delay to the trial process.

On these facts, the Court holds that admission of the laptop would undermine the integrity of the adversary process; would undermine the fair and efficient administration of justice; and would pose a potential prejudice to the truth-determining function of the trial process. *Taylor*, 484 U.S. at 414-15 (1988).

Further, Defendant has failed to present the Court with any authority which would permit admission of an entire laptop, as opposed to its contents, into evidence. This Court has conducted an independent search and has not found any authority supporting the admission of an entire computer. The laptop contains information which is not relevant to this trial and which is inadmissable under Federal Rule of Evidence 401.

The laptop, in its entirety, is of limited probative value, which is substantially outweighed by the danger that it will prejudice, confuse, or mislead the jury. Consequently, the laptop is inadmissable under Federal Rule of Evidence 403.

CONCLUSION

For these reasons, the Court **GRANTS** the Government's Motion *In Limine* [Doc. No. 264], and **PRECLUDES** the admission of Defendant's proposed exhibit FFFF into evidence.

    **IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2010, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager