UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-2 JOSE CASTRO-RAMIREZ,

        Defendant.
_____/

Case No. 09-20215

HONORABLE SEAN F. COX
United States District Judge

### ORDER REGARDING DEFENDANT'S REQUESTED JURY INSTRUCTION AS TO VIOLATION OF MEDICARE REGULATIONS [Doc. No. 242]

Jury trial in this matter began on February 16, 2010. On Friday, March 5, 2010, the parties agreed upon all of the jury instructions the Court should read to the jury at the close of trial. However, on Monday, March 8, 2010, before the jury was to be instructed by the Court, Dr. Castro-Ramirez requested that an additional jury instruction be read to the jury. While the subject matter of this instruction was previously raised by Dr. Castro-Ramirez [*See* Doc. No. 242], it was not included in the instructions the parties agreed to on Friday, March 5, 2010.

During the Government's proofs, the Government offered testimony from witnesses on the requirements for reimbursement under Medicare regulations. On February 17, 2010, Dr. Castro-Ramirez filed his "Proposed Supplemental Jury Instructions," [Doc. No. 242], in which Dr. Castro-Ramirez requested a supplemental jury instruction regarding Medicare regulations. [*See* Doc. No. 242, p.3]. Specifically, that proposed supplemental instruction states that "Evidence that may show noncompliance with a regulation does not necessarily show that Dr. Castro possessed the necessary intent or state of mind to commit the crimes charged." *Id*.

1

In support of this proposed supplemental regulation, Dr. Castro-Ramirez relies primarily upon the Fifth Circuit case of *United States v. Butler*, 429 F.3d 140, 150-51 (5th Cir. 2005). That case, however, dealt with a former employee's failure to comply with *his employer's internal regulations*, not failure to comply with an administrative agency's regulations. As such, reliance upon the supplemental jury instruction given in *Butler* - from which Dr. Castro-Ramirez bases his proposed jury instruction - is misplaced.

Dr. Castro's proposed supplemental instruction also provides a citation to *United States v. Abdallah*, 629 F.Supp.2d 699 (S.D. Tex. 2009). In *Abdallah*, the defendant was charged with health care fraud - as is Dr. Castro-Ramirez in the instant case. However, the facts of *Abdullah* which led the Southern District of Texas to give a similar jury instruction were markedly different than those in this case. Specifically, the defendant in *Abdullah* was accused of violating Medicare's regulations regarding reimbursement for "repetitive ambulance transports to and from dialysis," *Abdullah*, 629 F.Supp.2d at 746. In its instructions to the jury, the court specifically explained the requirements of the relevant Medicare regulation - 42 C.F.R. § 410.40(d)(1) - *and then, immediately afterward, gave the jury an instruction similar to that sought by Dr. Castro-Ramirez in the instant case*.

In this case, though evidence was presented by the Government regarding the required procedures for reimbursement under the Medicare regulations, the Government presented this evidence as background for the jury to understand other evidence later presented. Further, unlike the instructions given to the jury in *Abdullah* by the Southern District of Texas, in this case the parties have not requested an instruction regarding any specific Medicare regulation. For these reasons, Dr. Castro-Ramirez' reliance on *Abdullah* is misplaced.

The Sixth Circuit has held that "[j]ury instructions are proper if, as a whole, they fairly and adequately submit[] the issues and applicable law to the jury." *Nolan v. Memphis City Schools*, 589 F.3d 257, 273 (6th Cir. 2009) (internal quotations and citation omitted). The Court holds that the proposed jury instructions submitted by the parties in this case - which omit Dr. Castro-Ramirez' requested instruction regarding Medicare regulations [*See* Doc. No. 242, p.3] - fairly and adequately submit the issues and applicable law of this case to the jury. Dr. Castro-Ramirez' arguments to the contrary regarding this proposed supplemental instruction are without merit.

For these reasons, Dr. Castro-Ramirez' "Proposed Supplemental Jury Instruction" regarding Medicare regulations [*See* Doc. No. 242, p.3] will not be included in the Court's instructions for the jury.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2010, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager