UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　Case No. 09-20215

　　　　　Plaintiff,　　　　　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

D-2 JOSE CASTRO-RAMIREZ,

　　　　　Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR
EXPEDITED RECONSIDERATION OF BOND REVOCATION [Doc. No. 287]

On March 11, 2010, a jury convicted Dr. Jose Castro-Ramirez on one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, eleven counts of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [*See* Doc. No. 285]. Also on March 11, 2010, on the Government's oral motion and after both parties had an opportunity to present their arguments, the Court ordered Dr. Castro-Ramirez detained pending sentencing pursuant to 18 U.S.C. § 3143. [*See* Doc. No. 284].

On March 15, 2010, Dr. Castro filed his "Motion for Expedited Reconsideration of Bond Revocation," [Doc. No. 287], arguing that the Court should reconsider its March 11, 2010 Order and release Dr. Castro pending sentencing. Pursuant to E.D. MICH. L.R. 7.1(f)(1), the Court will decide this motion without oral argument. For the reasons that follow, Dr. Castro's motion for reconsideration [Doc. No. 287] is **DENIED**.

STANDARD OF REVIEW

1

Motions for reconsideration are generally governed by E.D. MICH. L.R. 7.1, which states as follows, in pertinent part:

> Generally, and without restricting the Court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. MICH. L.R. 7.1(h)(3). As this motion by Dr. Castro is for reconsideration of the Court's March 11, 2010 Order [Doc. No. 284], the two part showing of a "palpable defect" and a "different disposition" upon correction of that defect would generally be required of Dr. Castro to warrant relief.

Again, however, E.D. MICH. L.R. 7.1(h)(3) clearly states that this language was not meant to restrict the Court's discretion. No briefing was filed by the Government prior to the March 11, 2010 hearing demonstrating the Government's intent to seek remand of Dr. Castro if the jury rendered a guilty verdict. The Government's motion for remand, quite frankly, took the Court - and, no doubt, Dr. Castro as well - by surprise. Furthermore, at the March 11, 2010 hearing, the Court invited Dr. Castro to file a motion for reconsideration on the bond revocation issue, as Dr. Castro had not had an opportunity to respond in writing to the Government's arguments. Given these circumstances, to the extent that Dr. Castro's current motion is governed by E.D. MICH. L.R. 7.1(h)(3), the Court will temporarily suspend that rule's application to this motion, and review the issues involved with fresh eyes. *See* E.D. Mich. L.R. 1.2 (allowing District Judges to temporarily suspend Local Rules for good cause).

## ANALYSIS

Dr. Castro argues that "there is clear and convincing evidence that Dr. Castro poses no flight risk or danger to the community" should he be released from custody pending sentencing in this matter. [*See* Def.'s Motion, Doc. No. 287, ¶6]. The Court disagrees, and therefore **DENIES** Dr. Castro's motion for reconsideration [Doc. No. 287].

Release or detention pending sentencing is governed by 18 U.S.C. § 3143(a). The statute provides that pending the imposition of sentence, a defendant shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released" on bond or other conditions pursuant to § 3142(b) or (c). *See United States v. Cornish*, 12 Fed. Appx. 363, 363 (6th Cir. June 15, 2001); *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988). "Release is no longer favored once guilt of a crime has been established." *United States v. Bowman*, 1996 WL 571135, *1 (6th Cir. Oct. 3, 1996); see also *United States v. Shippee*, 1997 WL 720480, *1 (6th Cir. Nov. 12, 1997) ("Release on bond following conviction is disfavored. . . .").

In support of his motion for reconsideration [Doc. No. 287], Dr. Castro advances the following general arguments: 1) that Dr. Castro, as a "white collar defendant," has no history of violence or assaultive behavior; 2) that he voluntarily surrendered to authorities after being indicted in this matter, and complied with all requirements from Pretrial Services while on bond during trial; 3) that it would be less of a burden on the government, given Dr. Castro's allegedly poor health, to incarcerate Dr. Castro pending his sentencing; 4) that he has ties to the community; and 5) that Pretrial Services should have been involved in the decision whether to detain him pending sentencing. Ultimately, though each of these arguments will be considered below, none of these arguments merit relief.

At various points in his brief [Doc. No. 287], Dr. Castro argues that his release pending sentencing poses no threat to the community: he argues that he has "no prior criminal convictions," [Def.'s Br., Doc. No. 287, p.3], that he has "no history of violence or assaultive behavior," *Id*. at 4, and that he is a "[p]rofessional [w]hite [c]ollar" defendant." *Id*. at 6. While true, and, for the sake of argument, assuming these facts clearly and convincingly demonstrate that Dr. Castro would not be a danger to the community if released pending sentencing, these facts are irrelevant to whether Dr. Castro would be a flight risk. Indeed, the Sixth Circuit has repeatedly upheld the detention of other "white collar" defendants pending sentencing. *See, e.g., United States v. Rudd*, 1996 WL 171480, *1 (6th Cir. April 25, 1996) (upheld detention pending sentencing for mail fraud and bank fraud); *United States v. Cornish*, 2001 WL 700795, *1 (6th Cir. June 15, 2001) (upheld detention pending sentencing for wire fraud, money laundering, and bank fraud).

The bulk of Dr. Castro's arguments center around the fact that he "voluntarily presented himself to government authorities," [Def.'s Br., Doc. No. 287, p.1] after being indicted, and that he "fully cooperated with the Court and Pretrial Services in all matters and bond conditions," *Id*. at 2, pending the outcome of trial in this matter. While true, the Government argues as follows:

> This argument ignores the fundamental distinction between pretrial release, at which time a person enjoys the presumption of innocence, and release pending sentencing, at which time a person has been found guilty beyond a reasonable doubt. The possibility of a conviction on serious charges doubtless provides some incentive to flee, but the reality of a conviction on those charges increases the incentive to do so dramatically.

[Government's Br., Doc. No. 291, p.4]. The Court agrees. While the Probation Department has yet to calculate Dr. Castro's sentencing guidelines, the Court takes judicial notice of the fact that, given the dollar amounts associated with the fraud conspiracy Dr. Castro was convicted of being

4

involved with, Dr. Castro's sentencing guidelines are likely to be substantial. "[T]he lengthy sentence the defendant is facing creates an incentive for the defendant to flee." Therefore, the fact that Dr. Castro complied with the terms of his pretrial release does *not*, in and of itself, clearly and convincingly evidence that Dr. Castro is not a flight risk *post-conviction*. Dr. Castro's arguments to the contrary are without merit.

In his motion, Dr. Castro argues that his release from custody pending sentencing, given his health problems, would alleviate the burden on the Government:

> Particularly in light of his age and medical conditions[,] it would be less of a burden on the resources of the government to continue monitoring Dr. Castro for the next three months.

[Def.'s Br., Doc. No. 287, p.4]. Even if true, this argument is irrelevant to Dr. Castro's burden of clearly and convincingly evidencing that he is neither a danger to the community nor a flight risk. Dr. Castro's arguments to the contrary are without merit.

Dr. Castro also argues that his ties to the community are further evidence he is not a flight risk pending sentencing. "Dr. Castro and his wife have lived and worked in the Detroit area for 15 years and have a modest home in Farmington Hills, Michigan." *Id.* at 3. While this fact, in and of itself, may evidence *some potential* that Dr. Castro may not be a flight risk, the fact that Dr. Castro has been a resident of the metro Detroit area for fifteen years does not *clearly and convincingly* evidence that he is not a flight risk pending sentencing. Indeed, while he may currently be a resident of the State of Michigan, Dr. Castro also has also admitted significant ties to Puerto Rico - which, though a territory of the United States, is far from the watchful eye of the Court. Dr. Castro's arguments to the contrary are without merit.

Finally, Dr. Castro also makes a passing argument in his brief that Pretrial Services

should have been involved in the decision whether to detain Dr. Castro pending sentencing. Citing the Southern District of Ohio's decision in *United States v. Warshak*, 2008 WL 696852 (S.D. Ohio Mar. 13, 2008), Dr. Castro argues that "at the very least[,] Pretrial Services should have been consulted for a recommendation prior to [the Court] granting the Government's oral motion." [Def.'s Br., Doc. No. 287, p.3].

*Warshak*, however, involved facts far different than those of the instant case. In *Warshak*, the district court merely noted that, *on top of other evidence presented to the court*, "it remains the recommendation of Pretrial Services that Defendant be permitted to remain free on bond pending sentencing. . . ." *Warshak* at *1. *Warshak* did not, however, require that district courts, as a matter of course, inquire with Pretrial Services before ruling on a motion pursuant to 18 U.S.C. § 3143. Dr. Castro has provided the Court with no indication whatsoever that Pretrial Services would support such a holding *in this case*. Further, even if Pretrial Services *was* amenable to such a situation, that fact would not, in and of itself, warrant a finding that Dr. Castro Ramirez shown through clear and convincing evidence that he was not a flight. Dr. Castro's arguments to the contrary are without merit.

## CONCLUSION

For the reasons discussed *supra*, the Court **HOLDS**, consistent with the requirements of 18 U.S.C. § 3143, that Dr. Castro has failed to clearly and convincingly evidence that he is not likely to flee pending sentencing in this matter. The Court therefore **DENIES** Dr. Castro's

"Motion for Reconsideration of Bond Revocation" [Doc. No. 287].

       IT IS SO ORDERED.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated: March 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2010, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez
                              Case Manager