UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                                Criminal Case No. 09-20215-2
v.                                          Civil Case No. 13-14220

Jose Castro-Ramirez,                   Sean F. Cox
                                              United States District Court Judge

    Defendant/Petitioner.
_____/

**OPINION & ORDER
DENYING MOTION TO VACATE SENTENCE UNDER § 2255**

       A jury convicted Defendant/Petitioner Jose Castro-Ramirez ("Petitioner") of numerous healthcare-fraud offenses. The matter is currently before the Court on Petitioner's motion under 28 U.S.C. § 2255 seeking to vacate his sentence. Having reviewed the materials submitted, together with the record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted and, therefore, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). The Court also finds oral argument will not aid in the resolution of the motion. *See* 28 U.S.C. §2255; E.D. Mich. LR 7.1. For the reasons that follow, the Motion shall be DENIED.

**BACKGROUND**

       In 2009, the grand jury indicted Petitioner, a physician, along with numerous other defendants, in connection with a wide-ranging scheme to commit Medicare fraud. Petitioner was charged with one count of conspiracy to commit healthcare fraud, eleven counts of healthcare fraud, and one count of conspiracy to launder money.

1

Petitioner was represented during pretrial proceedings by retained counsel, Allen Wolf.

On November 24, 2009, the Government filed a "Motion For Hearing to Conduct Inquiry Into Joint Representation Pursuant to Fed. R. Crim. P. 44(c)(2)" (Docket Entry No. 183). In that motion, the Government expressed concern that Mr. Wolf, who was representing Petitioner in this action, previously represented one of his co-defendants in another prior criminal matter before the Court, Mr. Shafiulla Abdul Hanif ("Hanif"). As this Court explained:

> Mr. Hanif was scheduled to appear before the Court on January 23, 2008 for a plea hearing in the other matter, but failed to appear that day and remained at large despite a bench warrant being issued for Mr. Hanif's arrest. [*See* E.D. Mich. Case No. 07-CR-20091, Doc. No. 27]. Since that time, on June 24, 2009, both Mr. Hanif and Dr. Castro-Ramirez, along with fourteen additional defendants, were indicted in the instant matter.
> The Government raised the issue that Mr. Wolf's prior representation of Mr. Hanif may pose a potential conflict of interest in this case, and requested that the Court set a hearing to determine whether there is a potential or actual conflict of interest as a result.
> The Court held hearings on the motion on December 9, 2009 and January 13, 2010. During those hearings, the Court explored the potential conflicts of interest with the parties. The Court then addressed the possible conflict of interest issue with Dr. Castro-Ramirez.
> Dr. Castro-Ramirez indicated that he fully understood the issue, had an opportunity to consult with outside counsel on the issue, had been given adequate time to consider the issue, and had no questions for the Court. Dr. Castro-Ramirez indicated on the record that, to the extent any potential conflict of interest still exists, he wishes to waive his right to conflict-free representation.

(Docket Entry No. 206 at 1-2). After holding the hearings referenced above, and after briefing by the parties, on January 14, 2010, this Court ruled as follows:

> The Court holds that Mr. Hanif has constructively waived his right to object to Mr. Wolf's current representation of Dr. Castro-Ramirez. A client's long delay in voicing an objection to allegedly adverse representation constitutes an implied waiver of the right to object. *See, e.g.*, *Exterior Sys., Inc. v. Noble Composites, Inc.*, 210 F.Supp.2d 1062, 1077 (N.D. Ill. 2002); *Chem. Waste*

*Mgmt., Inc. v. Sims*, 875 F.Supp. 501, 505 (N.D. Ill. 1995). That is particularly true when trial is imminent - as is the case in this matter. *See In re Valley-Vulcan Mold Co.*, 287 B.R. 322, 338 (6th Cir. BAP 1999). By absenting himself from the jurisdiction of this Court, Mr. Hanif has acted in a manner analogous to those cases in which courts have found constructive or implied waiver. Furthermore, any potential violation of Mr. Hanif's Sixth Amendment rights can be obviated simply by Mr. Hanif retaining separate counsel in any future proceedings in this matter.

Accordingly, **IT IS ORDERED** that the Court hereby finds that a conflict of interest does not currently exist in this matter as a result of Mr. Wolf's prior representation of Mr. Hanif. *Moreover, to the extent that any possible potential conflict of interest still exists, the Court finds that Dr. Castro-Ramirez has made a knowing, voluntary, and informed waiver of his right to conflict-free representation under the Sixth Amendment.* Thus, Mr. Wolf may continue to represent Dr. Castro-Ramirez in this matter.

**IT IS SO ORDERED**.

(Docket Entry No. 206) (emphasis added).

Petitioner proceeded to a jury trial. Petitioner was represented at trial by retained counsel, Allen Wolf, throughout the trial. On March 11, 2010, the jury returned guilty verdicts as to all counts.

This Court sentenced Petitioner, on September 18, 2010, to be imprisoned for a total term of 120 months on Counts 1-12 to be served concurrent, and 168 months on Count 13 to be served concurrent to Counts 1-12.

After sentencing, on August 18, 2010, this Court appointed counsel for Petitioner, for post-judgment and appeal purposes. (Docket Entry No. 357).

Represented by his appointed counsel, William Winters, Defendant filed a direct appeal, in which he challenged several evidentiary rulings, the jury instructions, the sufficiency of the evidence, and the reasonableness of his sentence. The United States Court of Appeals for the

Sixth Circuit affirmed. *United States v. Casto-Ramirez*, Case No. 10-2128 (Feb. 13, 2012).

Thereafter, on October 3, 2013, Defendant filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate his Sentence. Petitioner did not file a brief or memorandum with his motion. In that motion, Petitioner raised four grounds for relief. As Ground One, Petitioner alleged "Ineffective Assistance of Counsel (Trial)." (Docket Entry No. 423 at Pg ID 4283). As the supporting facts for this ground for relief, Petitioner stated only:

- Failure to discuss the pros and cons of taking a plea deal
- Failure to notify Government of intent to use laptop
- Failure to put Government's case to the test through cross-examination
- Failure to investigate and obtain witnesses for the defense
- Failure to obtain experts
- Failure to have "Good Faith" defense included in jury instructions
- Failure to object and preserve claims:
    Batson Claim
    Enhancements at Sentencing
    Brady Claim

(*Id.*).

As Ground Two, Petitioner alleged "Ineffective Assistance of Counsel (Appeal)" and stated only the following as the facts supporting that ground:

- Failure to argue trial counsel's failure to preserve claims
- Failure to argue violations of due process in connection to enhancements
- Failure to create and preserve claims which could be argued later
- Failure to include Castro's concerns in appeal

(Docket Entry No. 423 at Pg ID 4284).

As Ground Three, Petitioner alleged "Violation of the Sixth Amendment right to a fair and impartial jury" and stated only as follows as the facts supporting that ground:

- Government excluded Hispanics from the jury in an area that has a large Hispanic demographic
- There were a limited number of minorities in the jury pool.

(Docket Entry No. 423 at Pg ID 4286).

As Ground Four, Petitioner alleged "Violation of Due Process" and stated only as follows as the facts supporting that ground:

- My sentence was unfairly enhanced in violation of due process
- There was no evidence that I wrote prescriptions for controlled substances
- There was no evidence that I had a leadership/supervisory role
- There was no evidence of a connection to funds or finances received in the amount of the loss.

(Docket Entry No. 423 at Pg ID 4287).

The Government filed a timely response brief in opposition to Petitioner's Motion on December 10, 2013. (Docket Entry No. 430). In its response, the Government asserted that Petitioner's motion consists of conclusory legal statements or allegations and fails to contain the requisite facts that would entitle him to relief and that it should be denied on that basis. Nevertheless, out of an abundance of caution, the Government then went on to speculate as to the possible nature of the claims Petitioner was attempting to assert and explained why they should be summarily denied.

On January 3, 2014, Petitioner filed a "Motion For A 60 Day Extension Of Time" (Docket Entry No. 432) in which to reply to the Government's response brief. This Court granted that motion (Docket Entry No. 433), ruling that Petitioner may file his reply brief on or before February 18, 2014.

Thereafter, Petitioner filed a document dated February 17, 2014, titled "Petitioner's Motion To Clarify The Grounds Raised In His Original 2255 Motion And His Traverse To The Government's Opposition To The Petitioner's Motion Under 28 U.S.C. §2255, To Vacate, Set Aside, Or Correct Sentence." (Docket Entry No. 435). In this motion, Petitioner sought to offer

some supporting facts as to some, but not all, of the claims in his §2255 motion. In addition, he also seeks to raise an additional claim – that he was denied his Constitutional right to conflict free representation. (Docket Entry No. 435 at Pg ID 4388).

As directed to do so by the Court, on April 1, 2014, the Government filed a brief in response to Petitioner's Motion to Clarify. (Docket Entry No. 440).

On May 23, 2014, Petitioner filed a motion (Docket Entry No. 441) stating that he had not received a copy of the Government's response to his Motion to Clarify and asking the Court for a thirty (30) day extension for filing a reply brief. This Court granted that motion in an order issued on June 18, 2014, ordered the Government to provide Petitioner with a copy of its response brief no later than June 30, 2014, and ordered that "[i]f Petitioner wishes to file a Reply Brief, he shall do so no later than July 31, 2014." (Docket Entry No. 442).

On June 20, 2014, Petitioner, apparently not yet having received this Court's June 18th Order, filed a motion seeking a status conference or update as to his May 23, 2014 Motion. (Docket Entry No. 443). The Government filed a response to that motion on June 23, 2014, stating that motion was moot. (Docket Entry No. 444).

On July 21, 2014, Petitioner filed a Reply Brief in support of his Motion to Clarify. (Docket Entry No. 445).

## STANDARD OF REVIEW

A federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. It is well established that when a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v.*

6

*United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir.1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996).

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court is required to construe the pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Even a *pro se* litigant, however, must set forth facts that entitle him to relief.  *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitle him to relief when making a motion to vacate or set aside a judgment under § 2255).  Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court requires that a motion must,

among other things, "state the facts supporting each ground" for relief.

As judges in this district have recognized, "[n]either case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010).

Here, Petitioner's § 2255 motion states conclusory legal allegations and contains no facts supporting any the claims asserted in it. Moreover, Petitioner did not file any supporting brief or memorandum along with his motion. Nevertheless, Petitioner later filed a Motion to Clarify, setting forth some supporting facts as to a few claims, and asserting a new claim.

**I.      Petitioner's Claims Of Ineffective Assistance Of Trial And Appellate Counsel Fail.**

Petitioner first asserts that his retained counsel, Mr. Wolf, provided ineffective assistance to him during pretrial proceedings and at trial. He also asserts that Mr. Winters, his appellate counsel, provided ineffective assistance of counsel.

It is well established that there are two elements to a successful ineffective assistance claim: 1) the attorney's performance must have been deficient, and 2) the deficient performance must have actually prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first prong of *Strickland* requires the defendant to demonstrate that counsel was deficient and the "proper measure of attorney performance remains simply reasonableness under the prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second prong of *Strickland* requires that a defendant prove that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof" and that "burden applies regardless of whether a Petitioner is claiming ineffective assistance of trial counsel or ineffective assistance of appellate counsel." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

With these principals in mind, the Court examines the alleged errors by Petitioner's trial and appellate counsel.

### A. Petitioner Has Not Established That His Appellate Counsel Rendered Ineffective Assistance Of Counsel.

With respect to his appellate counsel, Petitioner's § 2255 motion merely asserts, without any supporting facts, as follows:

- Failure to argue trial counsel's failure to preserve claims
- Failure to argue violations of due process in connection to enhancements
- Failure to create and preserve claims which could be argued later
- Failure to include Castro's concerns in appeal

(Docket Entry No. 423 at Pg ID 4284).  Moreover, Petitioner's Motion to Clarify does not include supporting facts as to this asserted ground for relief.  "Neither case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments."  *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010).  The Court shall deny this ground for relief because Petitioner's motions fail to contain requisite facts that would entitle him to relief.

### B. Petitioner Has Not Established That His Trial Counsel Rendered Ineffective Assistance Of Counsel.

With respect to his retained trial counsel, Mr. Wolf, Petitioner asserts that he provided ineffective assistance of counsel in several respects.

### 1. Petitioner's Claims Based On Challenged Actions With No Supporting Facts Do Not Entitle Him To Relief.

As to a number of the challenged actions or inactions, Petitioner's motions contain only conclusory allegations with no supporting facts.

For example, Petitioner contends Mr. Wolf was ineffective in that he failed to investigate and obtain witnesses for the defense and failed to obtain experts. But Petitioner's motions contain no supporting facts whatsoever as to these allegations. That is, Petitioner has not identified any witnesses or experts that should have been called, nor has he explained how he was prejudiced by the failure to call such witnesses.

Petitioner asserts that Mr. Wolf was ineffective for his "failure to put Government's case to the test through cross-examination." He provides no supporting facts as to this conclusory allegation. Moreover, that conclusory allegation is belied by the record. Mr. Wolf cross-examined witnesses throughout the trial and presented a rigorous defense.

Petitioner asserts that Mr. Wolf was ineffective for failing to object to "Enhancements at Sentencing." He provides no supporting facts as to this conclusory allegation. Moreover, that conclusory allegation is also belied by the record. As the Government correctly notes in its papers, Mr. Wolf *did object* to the sentencing enhancements at issue in this case  This Court overruled those objections in a written Opinion (*See* Docket Entry No. 356).

Petitioner asserts that Mr. Wolf was ineffective for his "failure to notify Government of intent to use laptop" and his failure "to have 'Good Faith' defense included in jury instructions."

But he provides no supporting facts or explanation as to these allegations.[1]

Petitioner also asserts that Mr. Wolf was ineffective for his alleged failure to object as to "Brady claim," but Petitioner's motions contain no supporting facts whatsoever as to this claim.

Again, "[n]either case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010). As to these challenged actions/inactions, the Court shall deny this ground for relief because Petitioner's motions fail to contain requisite facts that would entitle him to relief.

### 2. Petitioner's Claim Based On Challenged Actions With Some Supporting Facts Does Not Entitle Him To Relief Either.

Although Petitioner's § 2255 Motion itself contained no supporting facts, his later-filed Motion to Clarify included some facts as to Mr. Wolf's alleged failure to convey a plea offer.

The United States Supreme Court has held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). The performance prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard or reasonableness. *Id*. To establish the prejudice prong of *Strickland* a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

---

[1] Moreover, as the Government notes in its papers, wherein the Government speculates as to the nature of these vague assertions and explains why they would also fail on the merits, the Sixth Circuit ruled that this Court did not err in excluding Petitioner's laptop and ruled that "[e]ven assuming that a good faith instruction would have been permissible or even warranted, the other instructions made up for any deficiency."

As was the case in *Lafler*, "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged" by Petitioner. "In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. at 1385. Petitioner has not made this required showing.

Petitioner asserts that "Mr. Wolf rendered ineffective assistance of counsel where a formal plea offer was made but counsel failed to convey it to the petitioner." (Docket Entry No. 435 at Pg ID 4391). Petitioner makes vague references to a formal plea offer but includes no facts as to this alleged offer. In his Motion to Clarify, Petitioner references his own affidavit, that he indicates at various times in his brief is marked as "Exhibit A" and "Exhibit B," as setting forth the facts as to this claim, but Petitioner did not file any exhibits or any affidavits with either of his motions.

The Government asserts that Petitioner's position as to this claim is "inherently contradictory and untenable:"

> Castro was allegedly informed directly by a government agent of a plea offer; yet he faults his counsel for failing to inform him of the same offer he purports to already have known about. The fact is there was no plea offer for Attorney Wolf to convey to Castro, and the only purported plea offer Castro has identified is one he purports to have known about entirely independently of Attorney Wolf. These allegations, as pled, render his claim of ineffective assistance for failure to convey a purported plea offer nonsensical.

(Docket Entry No. 440 at Pg ID 4421).

This Court agrees that, as pled, this claim does not entitle Petitioner to relief. "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a [§ 2255] hearing." *O'Malley*, 285 F.2d at 735.

### C. Petitioner's Third Ground For Relief, The Alleged Violation Of His Sixth Amendment Right To A Fair And Impartial Jury Does Not Entitle Him To Relief.

As Ground Three, Petitioner alleged "Violation of the Sixth Amendment right to a fair and impartial jury" and stated only as follows as the facts supporting that ground:

- Government excluded Hispanics from the jury in an area that has a large Hispanic demographic
- There were a limited number of minorities in the jury pool.

(Docket Entry No. 423 at Pg ID 4286). Although Petitioner's § 2255 Motion itself contained no supporting facts, his later-filed Motion to Clarify alleges that the Government struck two hispanic jurors from the venire and that there were not enough hispanics in the jury pool because the Court is located in "the area called Mexican town."

In response to this Claim, the Government asserts that these claims are procedurally defaulted because the issues were not raised in either the trial court or the appellate court. In addition, the Government asserts that the claim also fails because it is insufficiently pled:

> Castro does not identify the two Hispanic jurors by juror number that the government allegedly struck. He offers no factual support of any kind for his contention that the government struck "the only two Hispanics from the jury." He furthermore offers no factual support for his contention that the venire was somehow unrepresentative of the community. Moreover, he offers no specific attack on the jury plan of the Eastern District of Michigan, or pleads any facts to suggest that Hispanics are underrepresented on the jury wheel. Castro's contentions amount to fact-free speculation, and fact-free speculation is insufficient to entitle him to relief.

(Docket Entry No. 440 at Pg ID 4423).

13

The Court agrees that, even if these claims were not procedurally defaulted, Petitioner's motions fail to contain requisite facts that would entitle him to relief as to these claims. "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a [§ 2255] hearing." *O'Malley*, 285 F.2d at 735.

C.     **Petitioner's Fourth Ground For Relief, Which Is Unsupported By Any Facts, Does Not Entitle Him To Relief.**

As Ground Four, Petitioner alleged "Violation of Due Process" and stated only as follows as the facts supporting that ground:

- My sentence was unfairly enhanced in violation of due process
- There was no evidence that I wrote prescriptions for controlled substances
- There was no evidence that I had a leadership/supervisory role
- There was no evidence of a connection to funds or finances received in the amount of the loss.

(Docket Entry No. 423 at Pg ID 4287). His Motion to Clarify contained no facts as to this ground for relief. The Court shall deny this ground for relief because Petitioner's motions fail to contain requisite facts that would entitle him to relief.

D.     **Petitioner's Claim That He Was Denied His Right To Conflict-Free Representation Fails Because He Made A Knowing, Voluntary And Informed Waiver Of His Right To Conflict-Free Representation Under The Sixth Amendment.**

In his Motion to Clarify, Petitioner seeks to raise an additional issue not contained in his § 2255 Motion to Vacate – that he was denied his Constitutional right to conflict free representation. (Docket Entry No. 435 at Pg ID 4388).

This claim fails for multiple reasons and the Court need not address them all here because first and foremost, Petitioner made a knowing, voluntary and informed waiver of his right to conflict-free representation under the Sixth Amendment. (*See* Docket Entry No. 206 and Docket

14

Entry No. 440-1 at Pg ID 4429-35); *United States v. Reese,* 699 F.2d 803, 804 (6th Cir. 1983); *United States v. Straughter*, 950 F.2d 1223, 1234 (6th Cir. 1991).

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's June 20, 2014 Motion for Status Conference or Update (Docket Entry No. 443) is DENIED AS MOOT;

IT IS FURTHER ORDERED that Petitioner's Motion to Clarify is GRANTED to the extent that the Court will consider the facts and arguments contained in that motion when ruling upon Petitioner's § 2255 Motion to Vacate Sentence;

IT IS FURTHER ORDERED that, for the reasons set forth in this Opinion & Order, Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2352(c)(2). Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's claims do not establish that "reasonable jurists would find the district's court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 528 US. 473, 484 (2000). Accordingly, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:  October 20, 2014                               S/ Sean F. Cox                            
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on October 20, 2014, the foregoing document was served on counsel of

record via electronic means and upon Jose Castro-Ramirez via First Class mail at the address below:

Jose Castro-Ramirez 30835-039
L.S.C.I.
Unit 4-C
PO BOX 999
BUTNER, NC 27509-4600

                                                S/ J. McCoy
                                                Case Manager